# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

Nº 08-CV-3968 (JFB) (AKT)

———————————

MICHEL RENE,

Plaintiff,

VERSUS

JOSEPH P. JABLONSKI,

Defendant.

———————————

**MEMORANDUM AND ORDER**
August 17, 2009

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Michel René brings this action against Joseph P. Jablonski, former Sheriff of the Nassau County Jail, alleging violation of his civil rights under 42 U.S.C. § 1983. Defendant now moves to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court grants defendant's motion, and dismisses the complaint with prejudice.

## I. BACKGROUND

### A. Facts

The following facts are taken from the complaint ("Compl."), an exhibit that was attached to the complaint, and court filings filed in related litigation referenced by the complaint, of which the Court may take judicial notice.[1] These facts are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

———————————

[1] *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts"); *see, e.g., Nealy v. Berger*, No. 08-CV-1322 (JFB), 2009 WL 704804, at *1 (E.D.N.Y. Mar. 16, 2009) (taking judicial notice of court filings); *In re Enron Corp.*, 379 B.R. 425, 431 n.18 (S.D.N.Y. 2007) ("Judicial notice of public records such as court filings, is clearly appropriate.").

On October 10, 1993, plaintiff was standing in line at the Department of Motor Vehicles, when he was approached by a Nassau County police officer. (Compl. ¶ 4.) Plaintiff claims that he was arrested, and thrown into Nassau County jail without being provided with an explanation for his arrest. (*Id.*) According to plaintiff, New York Supreme Court Judge Mogil dismissed the "false charges" that were levied against plaintiff on June 21, 1995, and ordered that he be released. (*Id.*) Plaintiff attached to his complaint a Certificate of Disposition Dismissal, dated April 27, 2006, which indicates that on June 20, 1995, the criminal case under indictment number 86149-93 was dismissed, and that pending charges related to the action were dismissed. (Compl. Ex. A.) However, plaintiff claims that, notwithstanding the fact that this indictment was dismissed, plaintiff remained in prison until 1998. (Compl. ¶ 4.)

Plaintiff's complaint also contains scattered allegations that he was subjected to "tortures" and "beating illegally without a cause" while he was in prison. (Compl. ¶ 4.)

### B. Related Litigation

The following facts are taken from court filings in a related civil action filed by plaintiff in this Court under index number 94-CV-4368 and specifically referenced by plaintiff in the complaint (Compl. ¶ 4), of which the Court may take judicial notice. Plaintiff filed that civil action, also entitled *Rene v. Jablonski*, under index number 94-CV-4368 in this Court on September 12, 1994, in which he alleged violations of Section 1983 against defendant Jablonski, specifically claiming that his confinement was illegal. (No. 94-CV-4368 Docket Entry (hereinafter, "Docket Entry") No. 1.) The case was originally assigned to the Honorable Thomas C. Platt, United States

District Judge, but was later reassigned to the Honorable Frederic Block, United States District Judge, on November 29, 1994. On February 9, 1995, the case was referred for discovery-related matters to the Honorable Victor V. Pohorelsky, United States Magistrate Judge. On April 3, 1995, Judge Pohorelsky issued an order governing certain aspects of discovery. (Docket Entry No. 15.) On July 17, 1995, plaintiff moved for default judgment based on alleged discovery violations by defendant, which was denied by Judge Block by Order dated August 11, 1995. (Docket Entry Nos. 21 & 25.)

Defendants subsequently moved for summary judgment, which was granted by Judge Block, by Memorandum and Order dated May 29, 2003. (Docket Entry No. 79.) In the introduction to that opinion, Judge Block acknowledged that plaintiff's initial indictment under number 86149 was in fact dismissed, because it was superceded by a new indictment, number 92063, under which plaintiff was ultimately convicted:

> In October of 1993, *pro se* plaintiff Michael Rene ("Rene") was arrested and charged in Indictment No. 86149 with several forgery-related counts. *The indictment was dismissed and superceded by No. 92063, a fact which Rene apparently refuses to acknowledge.* After being convicted of the charges alleged in the superseding indictment, Rene launched a series of suits arising from his conviction and imprisonment, including this one, in which Rene seeks damages against Nassau County Sherriff Joseph Jablonsk[i] ("Jablonsk[i]") pursuant to 42 U.S.C. § 1983.

(*Id.* at 1-2) (emphasis added). The Appellate Division for the Second Department affirmed

plaintiff's conviction, and the judgment was subsequently denied review by the New York State Court of Appeals. *See People v. Rene*, 678 N.Y.S.2d 533 (N.Y. App. Div. 1998) (affirming convictions); *People v. Rene*, 92 N.Y.2d 1037 (N.Y. 1998) (denying review). Judge Block also cited the multiple lawsuits filed by Rene relating to his conviction and imprisonment, all of which were unsuccessful. (Docket Entry No. 25 at 1 n.1) (citing *People of the State of New York ex. rel. Rene v. Jablonsky*, No. 92063, Supreme Court of New York, Nassau County (March 15, 1993) (denying habeas petition; "[Rene] is being lawfully detained under a lawful commitment issued out of the County Court, County of Nassau"); *Rene v. Jablonski*, No. 94-CV-4499 (FB), 1995 WL 451021 (E.D.N.Y. July 25, 2009) (denying petition for writ of habeas corpus); *Rene v. Goord*, No. 97-CV-1749 (FB) (E.D.N.Y. Oct. 16, 1998) (dismissing without prejudice petition for writ of habeas corpus); *Rene v. Lemke*, No. 99-CV-8293 (FB), 2001 WL 1488595 (E.D.N.Y. Nov. 16, 2001) (dismissing Section 1983 claim against attorneys)).

Judge Block reviewed a copy of the superceding indictment, and rejected plaintiff's claim that his imprisonment was illegal based on an allegation that he should have been released following dismissal of the original indictment. (Docket Entry No. 25 at 2.) He further found that plaintiff's false imprisonment claim was "not cognizable" under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his conviction and sentence had not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (*Id.*) (quoting *Heck*, 512 U.S. at 586-87.) Judge Block emphasized that "Rene's challenges to the lawfulness of his conviction and punishment have been

repeatedly denied, and rightfully so; therefore Jablonsk[i] is entitled to judgment under *Heck*." (*Id.*). Judge Block alternatively found that summary judgment was warranted because plaintiff had failed to allege the personal involvement of defendant in the alleged constitutional deprivations. (*Id.* at 2-3) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

In granting summary judgment on May 29, 2003, Judge Block noted that plaintiff's complaint was "frivolous" and warned plaintiff against filing further related litigation, stating, "[t]he court cautions Rene in the strongest terms that the further filing of non-meritorious complaints may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so." (*Id.* at 3.) Plaintiff did not appeal the dismissal of the complaint in that action to the United States Court of Appeals for the Second Circuit.

C. Procedural History

On September 19, 2008, plaintiff filed the complaint in the instant action. Defendant moved to dismiss the complaint on February 27, 2009. Plaintiff filed opposition papers to the motion to dismiss on March 23, 2009, and reply papers were filed by defendant on March 25, 2009. This matter is fully submitted.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir.

2005).  The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal,* setting forth a two-pronged approach for courts deciding a motion to dismiss.  *See* 129 S.Ct. at 1937.  The Court instructed district courts to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.  Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally. . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings. . . . This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se,* the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (alterations in original)); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

Finally, in connection with a motion to dismiss under Rule 12(b)(6), as noted *supra*, the Court may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *accord Kramer*, 937 F.2d at 773.  Moreover, in considering the motion to dismiss, the Court takes judicial notice of the filings in the related civil action under index No. 94-CV-4368, not for the truth of the matters asserted therein, but for the existence of such documents.  *See Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)) (internal quotation marks omitted); *accord In re Sterling Foster & Co., Inc., Sec. Litig.*, 222 F. Supp. 2d 216, 253-54 (E.D.N.Y. 2002); *Seneca Ins. Co. v. Wilcock*, No. 01-CV-7620 (WHP), 2002 WL 1067828, at *2 (S.D.N.Y. May 28, 2002); *see also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3d

Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion – not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (internal citation and quotation marks omitted).

## III. DISCUSSION

As a threshold matter, because plaintiff is *pro se*, the Court construes the complaint liberally to allege causes of actions for false imprisonment, malicious prosecution, and excessive force arising from his imprisonment from 1993 through 1998. *See, e.g., Moore v. Potter*, 353 F. Supp. 2d 410, 413 (E.D.N.Y. 2005) (construing *pro se* complaint liberally in determining the causes of actions alleged). For the reasons stated below, the Court finds plaintiff's complaint time-barred under the relevant statute of limitations, and plaintiff has not successfully demonstrated that he is entitled to the extraordinary relief of equitable tolling. In addition, the Court alternatively finds, *sua sponte*, that the complaint's causes of action for false imprisonment and malicious prosecution are also barred on *res judicata* grounds. The Court dismisses the action, with prejudice, without allowing *pro se* plaintiff the opportunity to file an amended complaint, as any attempt to amend the pleadings in this case would be futile.

### A. Timeliness

For the reasons stated below, the Court finds that the complaint should be dismissed as untimely.

As there is no federal statute of limitations governing the Reconstruction-era civil rights statutes, the Supreme Court has advised that "federal courts should select the most appropriate or analogous state statute of limitations" to determine the proper limitations period. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), *superseded on other grounds by statute*, 28 U.S.C. § 1658(a), *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *accord Wilson v. Garcia*, 471 U.S. 261, 276 (1985). With regard to Section 1983 claims, federal courts generally apply the forum state's statute of limitations for personal injury claims, which is three years in the State of New York pursuant to New York Civil Practice Law § 214(5). *See Owens v. Okure*, 488 U.S. 235, 250-51 (1989); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002), *cert. denied*, 538 U.S. 922 (2003). However, federal law governs the question of when a Section 1983 claim accrues. *See M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003); *Pearl*, 296 F.3d at 80; *Covington v. City of N.Y.*, 171 F.3d 117, 121 (2d Cir. 1999). Under federal law, "the time of accrual [is] that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Covington*, 171 F.3d at 121 (internal citation and quotation marks omitted).

In the instant case, because the complaint was filed on September 19, 2008, any Section 1983 claims based upon conduct by the defendants that accrued prior to September 19, 2005 are time-barred. As set forth below, it is plain to the Court that these potential causes of actions accrued well before that date.

First, the United States Supreme Court has established that a claim for false imprisonment accrues when the false imprisonment ends, which is not from when the plaintiff is released from prison, but rather from the time that he becomes held "pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[Accrual occurs] when the plaintiff has a

complete and present cause of action, that is, when the plaintiff can file suit and obtain relief . . . There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date") (internal citation and quotation marks omitted); *accord McCloud v. Cutler*, No. 06-CV-5443 (RJD), 2008 WL 906701, at *1, *3 (E.D.N.Y. Apr. 3, 2008). In the instant case, plaintiff was arrested on October 10, 1993, so the three year statute of limitations for false imprisonment commenced as of that date, and expired well before September 19, 2005. Even assuming *arguendo* that he was never held due to legal process, his incarceration ended in 1998, and even if it accrued on that date, the current action would be untimely. Moreover, it would be disingenuous for plaintiff to argue that he was not *aware* of the alleged injury that forms the basis of a false imprisonment claim–alleged unlawful confinement–when he already challenged precisely that in the prior related action before Judge Block (which was properly filed within the three-year statute of limitations), in which he argued, *inter alia*, that his imprisonment was illegal after the original indictment was dismissed.

Next, to the extent that plaintiff is attempting to assert a claim for malicious prosecution based upon the dismissal of his original indictment, such cause of action would have accrued as of the date of the dismissal, on June 20, 1995. *See, e.g., Jefferson v. Kelly*, No. 06-CV-6616 (NGG), 2008 WL 1840767, at *4 (E.D.N.Y. Apr. 22, 2008) ("'A claim for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor.'") (quoting *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)). As with a potential claim for false imprisonment, it would also be disingenuous for plaintiff to claim that he was

not *aware* of this disposition, as plaintiff specifically argued that he was entitled to be released based on the dismissal of the original indictment in the prior-filed related proceeding before Judge Block.

Finally, to the extent that scattered references in plaintiff's complaint to the "tortures" and "beating illegally without a cause" he endured while in prison relate to an inchoately-pled excessive force claim, such claims accrued, at the very latest, on the date that he was released from prison in 1998. *See Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir. 1980), *cert denied*, 450 U.S. 920 (1981) (finding that cause of action accrued on date of assault); *Mitchell v. Kugler*, No. 07-CV-1801 (JG), 2009 WL 160798, at *6 (E.D.N.Y. Jan. 23, 2009) ("A claim for excessive force accrues when the use of force occurred."); *accord Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1362820, at *6 (E.D.N.Y. Apr. 17, 2009). Accordingly, the three year statute of limitations on any claim regarding alleged mistreatment while incarcerated expired, at latest, in 2001, and well before the instant lawsuit was filed.

However, the Court is aware that failure to comply with a statute of limitations is not jurisdictional, and therefore subject to equitable tolling, in appropriate circumstances. *See, e.g., Jefferson*, 2008 WL 1840767, at *4 (noting that statute of limitations for claims including false imprisonment and excessive force under Section 1983 may be subject to the doctrine of equitable tolling) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). The deadlines may be equitably tolled in "rare and exceptional circumstance[s]," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted), in which a party is "prevented in some extraordinary way from exercising [her]

rights," *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (internal quotation marks and alteration omitted); *see also McCloud*, 2008 WL 906701, at *4 ("'Equitable tolling is a rare remedy to be applied in unusual circumstances'") (quoting *Wallace*, 549 U.S. at 396). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period [he] seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.'" *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 184-85 (2d Cir. 2000); *see also Smith v. Chase Manhattan Bank*, No. 97-CV-4507 (LMM), 1998 WL 642930, at *3 (S.D.N.Y. Sept. 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

Here, plaintiff asserts that the statute of limitations should not bar his claims because of misconduct by the defendant in the prior-filed related litigation under index number 94-CV-4368. (Compl. ¶ 4.) Plaintiff alleges that defendant did not comply with multiple discovery orders issued by Judge Pohorelsky by committing perjury, and also by tampering with, and concealing evidence. (*Id.*) Specifically, plaintiff claims that the defendant intentionally withheld the Certificate of Disposition Dismissal, which plaintiff attached to the Complaint as Exhibit A, which indicates that indictment 86149 was dismissed as of June 20, 1995. (*Id.*) Plaintiff claims that he did not

receive this piece of evidence until 2006, and the defendant's discovery violations led to the dismissal of the prior-filed action, because he did not have sufficient evidence to support his claims. (*Id.*)

The Court finds that the excuses which plaintiff has proffered for the delay in filing the instant civil action do not justify equitable tolling because they did not interfere with plaintiff's awareness of his causes of action, or otherwise interfere with his ability to file a timely lawsuit to vindicate his rights. As a threshold matter, it is true that, in appropriate circumstances, equitable tolling may be warranted in circumstances in which a plaintiff, despite due diligence is prevented from knowing that he had a potential claim, based upon fraudulent concealment by the defendants. *See Valdez ex rel. Donely v. United States*, 518 F.3d 173, 182 (2d Cir. 2008) ("Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.") (internal citation and quotation marks omitted); *Veltri v. Building Serv. 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004) ("Where defendant is responsible for concealing the existence of plaintiff's cause of action, this Court has held equitable tolling appropriate."). However, those circumstances do not exist in the instant case; although plaintiff's allegations of misconduct by the defendant during the litigation before Judge Block are quite serious, if true, there is absolutely no indication that such actions interfered with plaintiff's *awareness* of potential alleged injuries for which he could bring a civil action under Section 1983 (thereby impacting the accrual date of such causes of action). In fact, the record confirms that he was both aware of the alleged injuries and was able to exercise his rights by filing

lawsuits for those claims; plaintiff has consistently maintained that he was unlawfully imprisoned and prosecuted, in the mass of lawsuits that he was able to successfully file within the statute of limitations.[2] *See, e.g., Broadvision, Inc. v. Gen Elec. Co.*, No. 08-CV-1478 (WHP), 2009 WL 1392059, at *6 (S.D.N.Y. May 5, 2009) (tolling of statute of limitations not warranted where plaintiff was aware of potential claim, notwithstanding the fact that defendant may have wrongfully denied plaintiff audit rights); *McCloud*, 2008 WL 906701, at *4 (equitable tolling unwarranted where Section 1983 plaintiff was "certainly aware of the facts underlying the violations he alleges" and provided no valid excuse for his failure to file complaint within statute of limitations); *Finkelman v. N.Y. State Police*, No. 06-CV-8705 (JSR), 2008 WL 821833, at *4 (S.D.N.Y. Mar. 26, 2008) (equitable tolling unwarranted, notwithstanding plaintiff's claims that defendants intentionally covered up and refused to disclose internal documents and made false statements, because the alleged misconduct did not interfere with awareness of the allegedly wrongful conduct that formed basis of Section 1983 claims and did not thereby deprive plaintiff of the information needed to bring timely claims); *Harrison v. Harlem Hosp.*, No. 05-CV-8271 (WHP), 2007 WL 2822231, at

*3 (S.D.N.Y. Sept. 28, 2007) (tolling of statute of limitations unwarranted; "alleged concealment did not, in fact, deprive Plaintiffs of information needed to file a lawsuit"). At essence, plaintiff merely alleges that he was deprived of information that he believes would have made his prior-filed lawsuit before Judge Block *successful*, not that he was prevented from *filing* a lawsuit and exercising his rights. However, the proper forum for plaintiff to challenge alleged discovery violations by defendant and his lack of success in the prior lawsuit was in the prior lawsuit itself, which plaintiff failed to appeal after final judgment was issued.[3]

Accordingly, the Court finds the complaint must be dismissed, because the statute of limitations on any potential Section 1983 claim has expired, and there is no sound basis for equitable tolling.

### B. *Res Judicata*

Alternatively, the Court finds that the plaintiff's claims for false imprisonment and malicious prosecution must be dismissed on *res judicata* grounds, based upon the prior-filed action before Judge Block under Index No. 94-CV-4368, which was dismissed with prejudice on May 29, 2003.[4]

---

[2] To the extent that he specifically complains that he was intentionally deprived of the Certificate of Disposition Dismissal until 2006, there is no indication that the fact that he did not have this document prevented him from being aware of the fact that his original indictment was dismissed, which is the foundation of his argument that he was subjected to false imprisonment and malicious prosecution. Judge Block acknowledged that plaintiff's original indictment had been dismissed, and explicitly rejected plaintiff's argument that his imprisonment was unlawful on the grounds that such indictment had been dismissed, because it was replaced by a valid superseding indictment.

---

[3] Alternatively, assuming *arguendo* that plaintiff was entitled to equitable tolling during the period in which he claims defendants were allegedly committing discovery violations during the related lawsuit, he could only potentially argue that he was diligently pursuing his rights during the pendency of that lawsuit. Since that lawsuit was dismissed on May 29, 2003, more than three years prior to the filing of the instant litigation, the statute of limitations alternatively lapsed on that account.

[4] Although defendant did not raise the affirmative defense of *res judicata*, the Court has the authority

Under the doctrine of *res judicata*, otherwise known as claim preclusion, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Flaherty v. Lang,* 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (internal quotation marks omitted) (emphasis added)); *accord Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine applies only if "(1) there is a previous adjudication on the merits; (2) the previous action involved defendant or its privy; and (3) the claims involved were or could have been raised in the previous action." *Whelton v. Elec. Credit Mgmt. Corp.*, 432 F.3d 150, 155 (2d Cir. 2005) (citing *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000)). "In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Id.* Therefore, as the Second Circuit has noted, "the obvious starting point in a

_____

to exercise its discretion to raise the *res judicata* doctrine *sua sponte*, in the interest of judicial economy. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (holding that "the strong public interest in economizing the use of judicial resources by avoiding relitigation" justifies a court's *sua sponte* raising of *res judicata*, and that "[t]he failure of a defendant to raise *res judicata* in answer does not deprive a court of the power to dismiss a claim on that ground"); *Vasquez v. Gotti*, No. 09-CV-1680 (DLI), 2009 WL 2226578, at *2 (E.D.N.Y. July 23, 2009) (raising *res judicata* defense *sua sponte*; dismissing *pro se* complaint).

preclusion analysis is a determination of the issues that were litigated in the first action." *Flaherty*, 199 F.3d at 613. Furthermore, in evaluating the *res judicata* effect of a prior action, "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related findings." *Kramer*, 937 F.2d at 774.

Here, plaintiff's claims for false imprisonment and malicious prosecution are plainly barred by *res judicata*. First, Judge Block's dismissal of the complaint with prejudice on defendant's summary judgment motion constituted an adjudication on the merits. *McKoy v. Potter*, No. 08-CV-9428 (PKC), 2009 WL 1110692, at *4 ("Claims adjudicated through summary judgment are regarded as final judgments on the merits."); *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) ("[S]ummary judgment dismissal is considered a decision on the merits for *res judicata* purposes.") (citing *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F. 2d 710, 715 (2d Cir. 1977)). Next, it is undisputed that the parties are identical. Finally, all the claims involved in the instant case either were or could have been raised in the previous action, because they all arise from the same "nucleus of operative fact[s]" concerning the legitimacy of his imprisonment. *See Harry v. Rodriguez*, No. 07-PR-4856, 2009 WL 2030365, at *1 (2d Cir. July 10, 2009) (finding that *res judicata* applied where prior suit involved same "nucleus of operative facts" concerning plaintiff's mistreatment while incarcerated); *Krebs v. United States*, No. 98-CV-2590 (MBM), 1999 WL 185263, at *3 (claim for assault and battery based on *res judicata* because claim arose out of same nucleus of operative fact that led to plaintiff's

previous claims of false arrest and malicious prosecution).

The Court recognizes that generally speaking, *res judicata* "'will not bar a suit based upon legally significant acts occurring *after* the filing of a prior suit that was itself based upon earlier acts.'" *Garcia v. Scoppetta*, 289 F. Supp. 2d 343, 349 (E.D.N.Y. 2003) (quoting *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 113 (2d Cir. 2000)); *Maharaj*, 128 F.3d at 97 ("Accordingly, if, after the first suit is underway, a defendant engages in actionable conduct, plaintiff may-but is not required to-file a supplemental pleading setting forth defendant's subsequent conduct. Plaintiff's failure to supplement the pleadings of his already commenced lawsuit will not result in a *res judicata* bar when he alleges defendant's later conduct as a cause of action in a second suit."). To the extent that plaintiff claims that his false imprisonment and malicious prosecution claims arise from unlawful confinement following the May 20, 1995 dismissal of the original indictment–which postdated the filing date of his complaint in the action before Judge Block–plaintiff was certainly *entitled* to file a separate action (albeit within the relevant statute of limitations), however he did not, and it is clear to the Court that such claim was fairly presented to, and fully adjudicated on the merits in the prior action before Judge Block. Although plaintiff claims that Judge Block's dismissal of his prior action was improper, he did not appeal that judgment of dismissal, and he cannot now undo its *res judicata* effect by attacking the judgment collaterally. *See, e.g., Harry*, 2009 WL 2030365, at *1 (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (explaining that "the res judicata consequences of a final, unappealed judgment on the merits" are not "altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case")).

*Res judicata* applies to bar plaintiff's claims for false imprisonment and malicious prosecution in the instant case, notwithstanding plaintiff's allegations that defendant committed discovery violations and withheld evidence in the prior-filed action before Judge Block. "As a general rule, newly discovered evidence does not preclude the application of *res judicata* unless the evidence was either fraudulently concealed or could not have been discovered with due diligence." *Saabirah El v. City of N.Y.*, No. 07-CV-3276, 2008 WL 4934000, at *2 (2d Cir. Nov. 19, 2008) (citing *Saud v. Bank of N.Y.*, 929 F.2d 916, 920 (2d Cir. 1991)); *accord Barash v. N. Trust Corp.*, No. 07-CV-5208 (JFB), 2009 WL 605182, at *9 (E.D.N.Y. Mar. 6, 2009). Wholly conclusory allegations of fraudulent concealment, however, are insufficient to avoid *res judicata*. *See Saabirah El*, 2008 WL 4934000, at *2; *accord Barash,* 2009 WL 605182, at *9. Here, plaintiff has only generally offered conclusory allegations of fraudulent concealment. *See Barash*, 2009 WL 605182, at *2. Moreover, it is plain to the Court, as discussed *supra* at note 2, that the one specific piece of evidence that plaintiff claims was withheld–the Certificate of Disposition Dismissal–would not have impacted the decision of Judge Block, given that Judge Block was aware of the truth of the contents of that certificate in reaching his decision, that the original indictment had been dismissed. *Id.* (rejecting fraudulent concealment defense to *res judicata*, noting that "it is clear to the Court that the newly discovered evidence described would have no impact on the outcome of the previous proceeding").

Accordingly, for the reasons set forth above, the Court finds that plaintiff's claims

for false imprisonment and malicious prosecution in this action are barred by the doctrine of *res judicata*.[5]

## C. Leave to Replead

The Court has also considered whether plaintiff should be given an opportunity to replead. The Second Circuit has emphasized that "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile. As discussed in detail *supra*, it is plain from the complaint, as well as plaintiff's other submissions, that he does not have any possibility of asserting plausible Section 1983 claims that overcome both the timeliness and *res judicata* defects.

In sum, the Court finds that no further amendments can cure these deficiencies and any attempt to replead this frivolous complaint would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[ ] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. County of Nassau*, 180 F.3d 42, 55 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied"). Accordingly, plaintiff's complaint is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss, with prejudice, is GRANTED. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:        August 17, 2009
              Central Islip, New York

* * *

Plaintiff appears *pro se*. The attorney for defendants is Lorna B. Goodman, Esq., Nassau County Attorney, by Matthew B. Weinick,

---

[5]  To the extent that plaintiff attempted to plead a claim for excessive force regarding events that transpired during his imprisonment after he filed the September 14, 1993 complaint, such claim is not barred by *res judicata* because plaintiff was entitled to bring such claim in a separate lawsuit, and it is plain that such claim was not before Judge Block in his 2003 dismissal of the prior-filed related litigation. However, as discussed *supra*, the statute of limitations for an excessive force claim regarding his treatment while incarcerated accrued when such force was used, and therefore expired well before the instant complaint was filed, with no valid justification for equitable tolling.

Esq., Deputy County Attorney, One West Street, Mineola, NY 11501.